# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROCKY DALE ARMSTRONG,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. CIV-21-489-F |
| | ) |
| **THE UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from a state court conviction. (ECF No. 1). Respondent has filed a Motion to Dismiss and brief in support, arguing, in part, that dismissal is appropriate because Mr. Armstrong has not exhausted his state court remedies. (ECF Nos. 13 & 14).[1] The Court should agree and dismiss the Petition.

## I.   PROCEDURAL BACKGROUND

In the District Court of Beaver County, Oklahoma, in Case No. CF-2013-3, a jury convicted Petitioner of Lewd or Indecent Proposals to a Child Under Sixteen (Count 1), Lewd or Indecent Acts to a Child Under Sixteen (Count 2), Forcible Oral Sodomy (Count 3), First Degree Rape by Instrumentation (Victim Under Fourteen) (Count 4), Lewd or Indecent Acts to a Child Under Sixteen (Count 5), Lewd or Indecent Proposals to a Child

---

[1] Alternatively, Respondent argued that the Petition should be dismissed as time-barred. But the Court need not address Respondent's alternative argument in light of the recommended dismissal. *See Largent v. Nunn*, Case No. CIV-20-683-J, 2020 WL 6734673, at *3 (W.D. Okla. Oct. 20, 2020) ("Because the Court should dismiss the petition for failure to exhaust, the undersigned does not reach Respondent's statute-of-limitations argument."). The undersigned notes Respondent's right to re-assert a timeliness issue if Petitioner exhausts and returns to federal court. *See* ECF No. 14:1.

Under Sixteen (Count 6), Lewd or Indecent Acts to a Child Under Sixteen (Count 7), First Degree Rape by Instrumentation (Victim Under Fourteen) (Count 8), Lewd or Indecent Acts to a Child Under Sixteen (Count 9), and Lewd or Indecent Acts to a Child Under Sixteen (Count 10). (ECF No. 14-1). The district court sentenced Petitioner to concurrent sentences of twenty years' imprisonment on Counts 1, 2, 3, 5, 6, 7, and 9, fifty years' imprisonment on Count 10, and life without parole on Counts 4 and 8. *Id.* at *2. The Oklahoma Court of Criminal Appeals affirmed Petitioner's convictions and sentences on direct appeal. (ECF No. 14-4).

On May 13, 2021, Mr. Armstrong filed a habeas petition in this Court, asserting four Grounds for relief: (1) his conviction was invalid based on a lack of jurisdiction in the trial court; (2) denial of the right to indictment by a grand jury; (3) prosecutorial misconduct through the use of perjured testimony and fabricated evidence; and (4) lack of jurisdiction by the state of Oklahoma over any crime committed in "Indian Country." (ECF No. 1:5-7, 12-16). Grounds One, Two, and Four are premised on Petitioner's belief that his conviction was invalid under the Supreme Court's ruling in *McGirt v. Oklahoma*, ___ U.S. ___, 140 S.Ct. 2454 (2020). On July 5, 2021, Respondent moved to dismiss the habeas action based, in part, on Petitioner's failure to exhaust his state court remedies. *See* ECF Nos. 13 & 14. Despite being given an extension of time to respond to the Motion to Dismiss, Petitioner failed to do so.

## II.   DISMISSAL OF THE PETITION FOR FAILURE TO EXHAUST STATE COURT REMEDIES

The Court should dismiss the habeas Petition, without prejudice, based on Mr. Armstrong's failure to exhaust his state court remedies.

### A. Exhaustion as a Preliminary Consideration

A federal court cannot grant a state prisoner's habeas petition unless the petition satisfies the procedural prerequisites of 28 U.S.C. § 2254(b), including that the petitioner has exhausted his or her state-court remedies by presenting "the substance" of the claims to that state's highest court. *Cullen v. Pinholster,* 563 U.S. 170, 181 (2011); *Gray v. Netherland,* 518 U.S. 152, 162–63 (1996); 28 U.S.C. § 2254(b)(1)(A).

> In this regard, § 2254(b)(1) states, "An application for a writ of habeas corpus … shall not be granted unless it appears that[ ] … the applicant has exhausted the remedies available in the courts of the State…." 28 U.S.C. § 2254(b)(1). Section 2254(c) elaborates that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State[] … if he has the right under the law of the State to raise, by any *available* procedure, the question presented." *Id.* § 2254(c) (emphasis added).

*Ellis v. Raemisch*, 872 F.3d 1064, 1076 (10th Cir. 2017).

To properly exhaust, a petitioner "must 'fairly present' his claim in each appropriate state court …, thereby alerting that court to the federal nature of the claim" and giving the State the first "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese,* 541 U.S. 27, 29 (2004) (internal quotation marks omitted). "The state prisoner bears the burden of proving that he exhausted state court remedies or that exhaustion would have been futile." *Selsor v. Workman,* 644 F.3d 984, 1026 (10th Cir. 2011) (citations omitted).

### B. Petitioner has Failed to Exhaust his State Court Remedies

On November 21, 2014, Mr. Armstrong filed a direct appeal, alleging nine propositions for relief, none of which address any of the four grounds Mr. Armstrong has raised in his habeas Petition. *Compare* ECF No. 1 *with* ECF No. 14-2. To fully exhaust the

claims in state court, the claims must have been presented to the state's highest court, the OCAA. *See supra*. But as it stands, the claims were not presented in the direct appeal brief and Mr. Armstrong has not presented them in an Application for Post-Conviction relief to the Beaver County District Court, a prerequisite to an appeal in the OCCA. *See* Okla. Ct. Crim. App. Rules, Rule 5.2(A).

To the extent the Court liberally construes the Petition to argue that his jurisdictional argument under *McGirt* is somehow exempt from the exhaustion requirement, the Court should reject the same. *See Largent v. Nunn*, Case No. CIV-20-683-J, 2020 WL 6734673, at *2 (W.D. Okla. Oct. 20, 2020) ("the Section 2254 exhaustion requirement contains no exception for jurisdictional claims."), *adopted* 2020 WL 6731112 (W.D. Okla. Nov. 16, 2020); *Morgan v. Bureau of Indian Affairs*, No. CIV-18-290-G, 2018 WL 5660301, at *3 (W.D. Okla. Oct. 31, 2018) (noting 2254's exhaustion requirement "does not contain an exception" for a jurisdictional *Murphy* claim); *see also Blanket v. Watkins*, 44 F. App'x 350, 351 (10th Cir. 2002) ("[The petitioner's] proffered reason for not exhausting—that the State . . . lacks jurisdiction over these claims—lacks merit."); *Draper v. Oklahoma*, No. CIV-19-376-D, 2019 WL 2453671, at *1 (W.D. Okla. June 12, 2019) ("Upon *de novo* consideration of the issue raised by Petitioner's Objection, the Court rejects his position that a § 2254 petition raising a jurisdictional issue is exempt from the exhaustion requirement."); *Billings v. Bureau of Indian Affairs*, No. CIV-18-397-F, 2018 WL 2189772, at *2 (W.D. Okla. Apr. 26, 2018) ("[T]he Court should reject Petitioner's argument that he does not need to exhaust his state-jurisdiction question in

4

state court, and should dismiss the Petition without prejudice based on nonexhaustion."), *adopted*, 2018 WL 2187056 (W.D. Okla. May 11, 2018).

In sum, Oklahoma's post-conviction procedures provide a path for Petitioner to assert the claims he raises in his habeas Petition. *See* Okla. Stat. tit. 22, § 1080. Thus, Petitioner must exhaust his state court remedies before proceeding in habeas corpus. *Ellis*, 872 F.3d at 1076.

### III. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Based upon the foregoing analysis, it is recommended that the Court grant Respondent's Motion to Dismiss (ECF No. 13).

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **October 18, 2021**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

### IV. STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on September 30, 2021.

*[signature]*
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE